IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NOBLE HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Noble Harris ("Plaintiff" or "Mr. Harris"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 against Defendants Republic National Distributing Company, LLC ("Defendant Republic National") and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to recover damages for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII"), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## **PARTIES**

4.

Plaintiff is an African American male citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Registered Agent Solutions, Inc., located at

900 Old Roswell Lakes Pkwy. Suite 310, Roswell, GA 30076. Defendant StaffMark may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charges, entitling an action to be commenced within ninety (90) days of receipt of the notices.

9.

This action has been timely commenced.

## FACTUAL ALLEGATIONS

10.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

11.

In or around July 2022, Plaintiff began working at Republic National as a warehouse associate. Plaintiff was placed at Republic National by a staffing company.

12.

In early September 2022, Joe ("Last Name Unknown"), Line Supervisor, said "I'm trying to make the nigger look bad" in reference to another African American worker." Joe is a Caucasian man.

13.

In or around late September 2022, Joe stated "I'm tired of these niggers."

14.

In or around October 2022, Plaintiff asked a few colleagues, including Larry (Last Name Unknown), Co-Worker, about to whom Plaintiff could report Joe's racist conduct. Plaintiff was told he should speak with Jessica (Last Name Unknown), Deputy of Operations. Between late October 2022 and early November 2022, Plaintiff asked Leroy (Last Name Unknown), Night Manager, several times about speaking with Jessica regarding an HR issue.

15.

On or about November 8, 2022, Plaintiff reported Joe's racist comments to Jessica and Jessica told Plaintiff she would "take care of it."

16.

That same day, Plaintiff was assigned to work on loading trucks with Joe but normally Plaintiff was assigned to supervising the line. Plaintiff told Ryan (Last Name Unknown), Supervisor, that he did not want to work with Joe. Ryan responded, "Your best bet is just to work on the truck." Ryan's statement implied that he had no choice but to continue to work with Joe. Defendant continued to schedule Plaintiff to work with Joe.

17.

In or around mid-November 2022, Adonis (Last Name Unknown), Co-Worker, told Plaintiff that he should apologize to Joe because Joe stated that Plaintiff "would have a hard time every time [Plaintiff] was on the truck." Joe's statement implied that Joe would make Plaintiff's job more difficult because Plaintiff reported Joe's racist comments.

18.

In or around mid-November Plaintiff spoke with Leroy because Defendant took no action about Joe's racist comments. Leroy told Plaintiff there would be a sit-down about it and that he "wanted to see both sides."

19.

In the following weeks Defendant significantly reduced Plaintiff's work hours and, on or about November 18, 2022, Defendant terminated Plaintiff's employment.

20.

Any reasons provided by Defendant for terminating Plaintiff's employment is pretext for unlawful retaliation in response to Plaintiff's protected activity.

21.

As a result of Defendant unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which he is entitled to recover from Defendant, including lost wages and emotional distress.

22.

Defendant had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including his job duties, supervision, and termination.

23.

Defendant employed Plaintiff and is therefore liable for violating Title VII by the conduct described herein.

## CLAIMS FOR RELIEF

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

24.

Plaintiff re-alleges paragraphs 10-25 as if set forth fully herein.

25.

Plaintiff’s engaged in protected activity under Title VII.

26.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff’s employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

27.

There was a causal connection between the protected conduct and the adverse action.

28.

As a direct and proximate result of Defendant violations, Plaintiff has suffered economic and non-pecuniary damages.

29.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

30.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**COUNT II: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

31.

Plaintiff re-alleges paragraphs 10-25 as if set forth fully herein.

32.

Plaintiff is African American. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

33.

Plaintiff performed his contractual obligations.

34.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

35.

Plaintiff is a member of a protected class; he is African American.

36.

Plaintiff's complaints and opposition to the racist conduct of his supervisor constituted protected activity under 42 U.S.C. § 1981.

37.

Defendant subjected Plaintiff to adverse actions (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

38.

There was a causal connection between the protected conduct and the adverse action of termination.

39.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

40.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

41.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Benjamin J. Rollins
Georgia Bar No. 613751

*Attorneys for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com
benjamin@justiceatwork.com